COBB, Judge,
concurring specially.
I concur with the majority’s resolution of the issues, and with the majority’s affir-mance of the appellant’s conviction. I write specially only to discuss additional facts that were relevant to my analysis of Issue I, regarding the denial of the challenge for cause as to prospective juror M.N.M.
When defense counsel challenged M.N.M. for cause, he stated only, “I think she would be uncomfortable.” (R. 65.) The prosecutor correctly observed that a state of “uncomfortableness” was not sufficient to support a challenge for cause, and he also stated that M.N.M. indicated that she could be fair and impartial. (R. 65-66.) The trial court agreed with the prosecutor and determined that defense counsel had not met the burden of establishing that she should be removed for cause. (R. 66.) The court further stated that defense counsel could ask M.N.M. if she could follow the evidence, but defense counsel did not ask M.N.M. any additional questions. (R. 66.)
A prospective juror can be struck for cause if a statutory ground exists or if the prospective juror indicates that he or she would be unable to render a fair and impartial decision because of the juror’s relationship with the victim. Hamm v. State, [Ms. CR-99-0654, Feb. 1, 2002] — So.2d —, — (Ala.Crim.App.2002). Defense counsel’s assertion that M.N.M. would be “uncomfortable” does not constitute a statutory ground, and M.N.M.’s answers to the voir dire questions do not establish that she could not render a fair and impartial verdict. Although the trial court afforded defense counsel the opportunity to question M.N.M. further, in the event that he could establish that she could not be fair and impartial, defense counsel did not avail himself of this opportunity. Moreover, as the majority correctly discussed, a trial court’s ruling on a challenge for cause is entitled to great weight, and is due to be upheld in the absence of a showing that the trial court abused its discretion.
Based on the record before us, I agree that the trial court did not abuse its discretion when it denied the challenge for cause as to M.N.M.